**BAUHINIA CORPORATION,**
Plaintiff-Appellee,

v.

**CHINA NATIONAL MACHINERY & EQUIPMENT IMPORT & EXPORT CORP., et al., Defendants-Appellants.**

No. 85–2915.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 1986.

Decided June 9, 1987.

248

Robert W. Ash, Auburn, Cal., for plaintiff-appellee.

Henry S. David, Los Angeles, Cal., for defendants-appellants.

Before KENNEDY, TANG and THOMPSON, Circuit Judges.

TANG, Circuit Judge:

China National Machinery & Equipment Import and Export Corporation (CMEC) appeals an order of the district court compelling arbitration of a contract dispute between CMEC and Bauhinia Corp. Bauhinia sued CMEC for breach of contract and CMEC moved to compel arbitration before the China Council for the Promotion of International Trade (CCPIT) in Peking. The district court granted the motion to compel arbitration, but ordered arbitration before the American Arbitration Association (AAA).

## FACTS

Bauhinia is a California Corporation founded by Mr. Abbies Tsang who fled the People's Republic of China in 1974. CMEC is a Chinese state trading organization.

In 1981 and 1982 Bauhinia contracted to purchase nails from CMEC. The parties executed the contracts in California for delivery to Stockton, San Francisco and Los Angeles, California, and Seattle, Washington. CMEC failed to deliver the nails claiming that an edict from the People's Republic of China prevented performance.

After Bauhinia filed suit in district court, CMEC moved to compel arbitration invoking arbitration clauses in the contracts. The first contract, written in Chinese, provides "[i]n case quality problems occurs, the both sides shall have consultation as soon as possible to resolve it." The other two contracts, written in English, contain the following clause:

All disputes in connection with the execution of this Contract shall be settled through friendly negotiations. In case an arbitration is necessary and is to be held in Peking, the case in dispute shall then be submitted for arbitration to the Foreign Trade Arbitration Commission of the China Council for the Promotion of International Trade, Peking, in accordance with the "Provisional Rules of Procedure of the Foreign Trade Arbitration Commission of the China Council for the Promotion of International Trade." The decision of the Commission shall be accepted as final and binding upon both parties.

In case the Arbitration is to take place at [BLANK] either party shall appoint one arbitrator, and the arbitrators thus appointed shall nominate a third person as umpire, to form an arbitration committee. The award of the Arbitration Committee shall be accepted as final by both Parties. The Arbitrators and the umpire shall be confined to persons of Chinese or [BLANK] Nationality.

On November 18, 1985, the district court granted CMEC's motion to compel arbitration and further ordered the parties to submit the matter to the American Arbitration Association pursuant to the Association's rules and regulations. In its order, the court noted the "strong federal policy in favor of arbitration in the context of international agreements." The order does not state the court's reason for designating the AAA instead of CCPIT. At the hearing the judge indicated that the contract clearly called for arbitration but was ambiguous as to whether arbitration was mandated in Peking or some other location. He expressed concerns that Mr. Tsang might be subjected to personal danger if forced to return to China and that the CCPIT would not provide a "speedy, thorough, informal, neutral decisionmaking process," consistent with the parties' intent in seeking arbitration.

CMEC appeals that part of the order designating AAA instead of CCPIT as the

arbitration agency. It argues that the district court erred in overriding the parties' choice of arbitrator, CCPIT.

## DISCUSSION

The district court denied CMEC's motion for certification of review. Nevertheless, we have held that an order compelling arbitration is an appealable order under 28 U.S.C. § 1291. *Howard Electrical and Mechanical Co. v. Frank Briscoe Co.*, 754 F.2d 847, 849 (9th Cir.1985).

This court reviews decisions regarding the validity and scope of arbitration clauses de novo. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985); *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1462–63 (9th Cir. 1983).

Federal law governs arbitration issues in agreements affecting interstate and foreign commerce. *ATSA of California v. Continental Ins. Co.*, 702 F.2d 172, 174 (9th Cir.1983). A strong federal policy favors arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Corp.*, 473 U.S. 614, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985). The Arbitration Act, 9 U.S.C. §§ 1–14 provides that an arbitration clause "shall be valid, irrevocable, and enforceable save upon such grounds as exist in law or equity for the revocation of any contract." 9 U.S.C. § 2. " 'The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration'." *Mitsubishi Motors*, 105 S.Ct. at 3354 (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983)). The strong federal policy applies with equal force to international contracts. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519–20, 94 S.Ct. 2449, 2457–58, 41 L.Ed.2d 270 (1974); *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972). To that end, Congress has adopted the Convention on Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201–208 (1982).

The contract here expressly calls for arbitration. In light of the strong federal policy favoring arbitration, we conclude that the trial court did not err in ordering the parties to submit the matter to arbitration.

The more difficult question, however, is whether the court properly ordered arbitration before the AAA. The clauses do not expressly choose a forum. The clauses consist of two paragraphs. The first paragraph reads *"in case* arbitration is necessary and is to be held in Peking...." (emphasis added). Likewise, the second paragraph begins: *"In case* arbitration is to take place at [BLANK]...." (emphasis added). CMEC argues that by failing to complete the blanks in the second paragraph, the parties implicitly chose the Peking forum. In support, CMEC cites the Arbitration Act's requirement that such clauses be enforced according to their terms. Furthermore, argues CMEC, most of the witnesses, evidence and law are in the People's Republic of China; Mr. Tsang negotiated the contracts in the People's Republic of China; and the CCPIT is an impartial agency.

"[I]n light of present-day commercial realities and expanding international trade," the Supreme Court has said, "[a] forum clause should control absent a strong showing that it should be set aside." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907–16, 32 L.Ed.2d 513 (1972). In construing arbitration clauses, standard contract principles apply. *Fuller v. Guthrie*, 565 F.2d 259, 260–61 (2d Cir.1977) (citing *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241, 82 S.Ct. 1318, 1320, 8 L.Ed.2d 462 (1962)). In interpreting a contract, a court determines the existence of an ambiguity as a matter of law. *State Farm Mutual Automobile Ins. Co. v. Fernandez*, 767 F.2d 1299, 1301 (9th Cir.1985). We agree with the district court that this contract is ambiguous. The two paragraphs are mutually exclusive. The document lacks any indication what forum the parties intended to select. Furthermore the record offers no evidence of an implied agreement to select a particular forum. The record permits only one conclusion, that the par-

ties intended to leave the issue open. *See Oil Basins Ltd. v. Broken Hill Proprietary Co.*, 613 F.Supp. 483, 487 (S.D.N.Y. 1985).

At the hearing, the judge indicated that he found the contract ambiguous on the forum issue. He then asked the parties to "resolve the problem of when, where and how without court intervention.... If you don't think you can do so, tell me and I'll issue an order that orders arbitration be taken at the forum and under the requirements set forth by the Court." The parties failed to resolve the issue so the court ordered arbitration before the AAA.

In the absence of a term specifying location, a district court can only order arbitration within its district. Chapter 2 of Title 9 codifies the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Section 206 empowers a district court to "direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States." However, by its terms, section 206 does not permit a court to designate a foreign forum when the agreement fails to designate a place. Chapter 1 of the Arbitration Act applies to international agreements to the extent that Chapter 1 does not conflict with Chapter 2. 9 U.S.C. § 208. Under Chapter 1, the arbitration proceedings "shall be within the district in which the petition for an order directing such arbitration is filed." [1] 9 U.S.C. § 4. Therefore, under the statutory regime, the only place that the district court could order arbitration is the Eastern District of California. *See Oil Basins*, 613 F.Supp. at 488.

We conclude that the court acted reasonably. The contracts left the location open. The judge gave the parties an opportunity to resolve the matter themselves. When they failed to do so, he took the only action within his power.

**1.** Section 206 only applies to international agreements. We express no opinion on whether a district court may order arbitration outside the district in cases of interstate agreements that expressly specify location. *See Snyder v. Smith*, 736 F.2d 409, 420 (7th Cir.), *cert. denied*, 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984);

The order of the district court is

AFFIRMED.

*Management Recruiters of Albany, Inc. v. Management Recruiters, Int'l, Inc.*, 643 F.Supp. 750, 753 (N.D.N.Y.1986).

