**FIRST INVESTORS CORPORATION, a New York corporation, Plaintiff-Appellant,**

**v.**

**AMERICAN CAPITAL FINANCIAL SERVICES, INC., a Texas corporation, et al., Defendants-Appellees.**

No. 86–2736.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 1987.

Decided July 27, 1987.

Janet C. Bostwick, Tucson, Ariz., for plaintiff-appellant.

Charles V. Harrington, Tucson, Ariz., for defendants-appellees.

Before CHOY, SNEED and TANG, Circuit Judges.

TANG, Circuit Judge:

First Investors Corporation appeals a judgment of the district court compelling arbitration. First Investors sued American Capital Financial Services for breach of contract, breach of fiduciary duties, interference with contractual and business relations, unfair competition and conspiracy in restraint of trade based on American's alleged solicitation of First Investors' clients and employees. Both First Investors and American are members of the National Association of Securities Dealers (NASD). NASD has adopted a Code of Arbitration Procedure that requires arbitration of disputes among members. American moved to compel arbitration pursuant to the NASD Code. First Investors objected on the ground that the Code does not require arbitration of disputes of this nature. The court ordered arbitration.

First Investors argues that the NASD Code of Arbitration Procedure,[1] by its

---

1. The Code provides:
   **PART I. ADMINISTRATIVE PROVISIONS**
   **Matters Eligible for Submission**
   Sec. 1. This Code of Arbitration Procedure is prescribed and adopted pursuant to Article IV, Section 2(b) of the By-Laws of the National Association of Securities Dealers, Inc. (the "Association") for the arbitration of any dispute, claim or controversy arising out of or in connection with the business of any member of the Association, with the exception of disputes involving the insurance business of any member which is also an insurance company:
   (1) between or among members;
   (2) between or among members and public customers, or others; and,
   (3) between or among members, registered clearing agencies with which the Association has entered into an agreement to uti-

lize the Association's arbitration facilities and procedures, and participants, pledgees or other persons using the facilities of a registered clearing agency, as these terms are defined under the rules of such registered clearing agency.

\* \* \* \* \* \*

**PART II. INDUSTRY AND CLEARING CONTROVERSIES**
**Required Submission**
Sec. 8. (a) Any dispute, claim or controversy eligible for submission under Part I of this Code between or among members and/or associated persons, and/or certain others, arising in connection with the business of such member(s) or in connection with the activities of such associated person(s), shall be arbitrated under this Code, at the instance of:

terms, does not entitle American to an order compelling arbitration and that the Arbitration Act requires no more than enforcement of the arbitration agreement.

This court reviews decisions regarding the validity and scope of arbitration clauses de novo. *Bauhinia Corp. v. China National Machinery,* 819 F.2d 247 (9th Cir.1987). Federal law governs arbitration issues in agreements affecting interstate commerce. *ATSA of California v. Continental Ins. Co.,* 702 F.2d 172, 174 (9th Cir.1983), *amended,* 754 F.2d 1394 (9th Cir.1985). A strong federal policy favors arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Corp.,* 473 U.S. 614, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985). The Federal Arbitration Act provides that an arbitration clause "shall be valid, irrevocable, and enforceable save upon such grounds as exist in law or equity for the revocation of any contract." 9 U.S.C. § 2 (1982). " 'The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration'." *Mitsubishi Motors,* 105 S.Ct. at 3354 (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983)). Therefore, the Arbitration Act mandates arbitration of this matter if the NASD Code of Arbitration Procedure reasonably can be interpreted as applying to the causes alleged and no contract defense entitles First Investors to revoke its obligation under the Code.

Paraphrased, The Code requires arbitration of any dispute, claim or controversy between members, arising in connection with the business of the members at the instance of one member against another. Both First Investors and American are NASD members. This court has held that NASD members are bound by the arbitration provision, incorporated by reference into the membership application, where there is no fraud in the inducement.

(1) a member against another member;
(2) a member against a person associated with a member or a person associated with a member against a member, and,

*O'Neel v. National Assoc. of Securities Dealers, Inc.,* 667 F.2d 804 (9th Cir.1982). First Investors alleges no fraud in the inducement.

First Investors argues that the "Required Submission" provision does not apply because its claims fall outside the scope of the Code. The title to Part II is "INDUSTRY AND CLEARING CONTROVERSIES." Tort claims, argues First Investors, are not "industry or clearing controversies" because "the causes of action in this case have nothing to do with the securities industry as such, and would be the same regardless of what kind of business the parties competed in." This argument totally lacks merit. The claims involved here, unfair competition, interference with contractual and business relations, etc., are the very type of controversy that the Code contemplates. The Code applies to claims "arising in connection with the business of [the] members." Unfairly soliciting the accounts and employees of a competitor fits precisely within the scope of this language. Furthermore, even if there was any doubt about whether the Code applies, we would reject First Investors' argument on the ground that such doubts must be resolved in favor of arbitration. *Mitsubishi Motors,* 105 S.Ct. at 3354.

First Investors argues that the "Required Submission" provision may be invoked only by the member who brings the claim. First Investors contends that the Code drafters did not intend this provision to be mutual. It offers no evidence or legal analysis to support this assertion. The provision states that a matter shall be arbitrated "at the instance of ... a member against another member." This plainly means that either member may invoke the Code. Again, even if First Investors' strained interpretation raises doubt about who can invoke the Code, such doubt should be resolved in favor of arbitration. *Id.*

(3) a person associated with a member against a person associated with a member.

The Arbitration Act relieves a party from an arbitration agreement if justification for revocation of the agreement exists under contract law. 9 U.S.C. § 2. First Investors argues that the Code does not apply because First Investors lacked the requisite intent to enter into the arbitration agreement. It supports this argument with the self-serving assertion that it did not understand that the Code applied to tort claims. There is no evidence of mutual mistake, misrepresentation, or fraud in the inducement. Apparently, First Investors feels it may revoke the arbitration agreement due to unilateral mistake.

■ In determining whether unilateral mistake will bar enforcement of the Arbitration Code, the court must first determine the appropriate choice of law. Absent an effective choice by the parties, this court applies the law of the state that has the most significant relationship to the transaction. *Commercial Ins. Co. v. Pacific-Peru Constr. Co.*, 558 F.2d 948, 952 (9th Cir.1977). First Investors is a New York corporation, American is a Texas corporation and the other defendants reside in Arizona. Under New York and Arizona law, a unilateral mistake will not excuse a party's contract obligation unless the other party induced the mistake. *Alden Auto Parts v. Dolphin Equip. Leasing Corp.*, 682 F.2d 330, 333 (2d Cir.1982) (applying New York law); *Nationwide Resources Corp. v. Massabni*, 134 Ariz. 557, 658 P.2d 210, 217–18 (App.1982). Under Texas law, in order to rescind a contract based on unilateral mistake, a party must show that (1) the mistake is of so great a consequence that to enforce the contract as made would be unconscionable; (2) the mistake relates to a material feature of the contract; (3) the mistake must have been made regardless of the exercise of ordinary care; and (4) the rescission must not result in prejudice to the other party except for the loss of his bargain. *Zapatero v. Canales*, 730 S.W.2d 111, 114 (Tex.Ct.App.1987). The burden in Texas is on the party seeking rescission. *Id.* First Investors has failed to show any ground for rescission due to unilateral mistake un-

der the laws of any of the involved states. Furthermore, First Investors' argument is absurd on its face. Following First Investors' analysis, any party could seek to avoid its obligations under any contract by the mere expedient of asserting post hoc and without evidence that it didn't understand the terms of the contract.

■ We find this appeal totally frivolous. None of First Investors' arguments find any support in the Code or the law. First Investors ignores clear precedent and defies the strong federal policy favoring arbitration in challenging a duty to arbitrate that it knowingly undertook by joining the NASD. In bringing this appeal, First Investors has caused American needless expense and delay thereby defeating the very purpose of the arbitration agreement. Accordingly, we conclude that American is entitled to double costs and attorneys' fees pursuant to Fed.R.App.P. 38. First Investors and their counsel are jointly and severally liable. Counsel for American shall file with the clerk of this court within 14 days affidavits and other records showing fees earned in this appeal. First Investors shall have 7 days to respond. An appropriate award shall be made by separate order.

AFFIRMED.