949 F.2d 1039
 Fed. Sec. L. Rep. P 96,401
Dennis L. STOREY and Deborah S. Storey, Appellees,
v.
SHEARSON LEHMAN HUTTON, INC., a Delaware Corporation, f/k/a
Shearson-Lehman Brothers, Inc., and Edward McGlynn,
individually and in his capacity as Agent, Representative,
Broker and Employee of Shearson Lehman Hutton, Inc., Appellants.
 No. 90-2246.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 12, 1991.
Decided Nov. 26, 1991.
 
 Jeffrey L. Friedman, New York City, argued (Clifford A. Godiner, Theodore A. Krebsbach, William A. Olshan, on brief), for appellants.
 John Conger, West Des Moines, Iowa, argued (Lawrence L. Marcucci, on brief), for appellees.
 Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Shearson Lehman Hutton, Inc., and Edward McGlynn, a broker then employed by Shearson (hereinafter together referred to as Shearson), appeal from an interlocutory order entered in the District Court[1] for the Southern District of Iowa holding that the customer agreement between Shearson and Dennis L. and Deborah S. Storey to arbitrate any dispute concerning their brokerage account did not cover their federal securities claims under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (hereinafter § 10(b)) and denying its motion for a stay of proceedings pending arbitration of the Storeys' § 10(b) claim. Storey v. Shearson Lehman Hutton, Inc., CIVIL No. 89-0028-E (S.D.Iowa July 9, 1990) (order). For reversal, Shearson argues the district court erred in holding that the arbitration clause in the customer agreement excluded the § 10(b) claim from arbitration. Shearson argues (1) the language was only placed in the customer agreement to satisfy Securities Exchange Commission (SEC) Rule 15c2-2, 17 C.F.R. § 240.15c2-2 (1987) (rescinded 52 Fed.Reg. 39,216 (1987) (effective Oct. 27, 1987)), and (2) if the language did give the Storeys a right to litigate their § 10(b) claim in a judicial forum, it excluded only claims under "certain" of the federal securities laws from arbitration. For the reasons discussed below, we affirm the order of the district court.
 
 
 2
 In August 1984, the Storeys opened a securities account with Shearson. Pursuant to opening the account, the Storeys and Shearson entered into a customer agreement prepared by Shearson. The customer agreement contained the following arbitration clause:
 
 
 3
 Unless unenforceable due to federal or state law, any controversy arising out of or relating to my accounts, to transactions with you for me or to this agreement or the breach thereof, shall be settled by arbitration.... This agreement to arbitrate does not apply to any controversy with a public customer for which a remedy may exist pursuant to an expressed or implied right of action under certain of the federal securities laws.
 
 
 4
 The Storeys alleged that from January of 1985 through October of 1987, Shearson improperly handled their account, causing them to lose approximately $104,000.
 
 
 5
 On January 18, 1989, the Storeys filed a lawsuit in the district court alleging claims under the federal and state securities laws and state common law claims of fraud, negligent misrepresentation, breach of fiduciary duty, negligence, and breach of contract. Shearson, relying on the arbitration clause in the customer agreement, filed a motion to compel the Storeys to submit the entire matter to arbitration and to stay proceedings in this lawsuit. The Storeys rejected that demand. However, the Storeys conceded that their state law claims are covered by the arbitration clause and must be arbitrated. The Storeys also did not oppose Shearson's motion to dismiss their claim under § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q.
 
 
 6
 The district court denied Shearson's motion to compel arbitration of the Storeys' § 10(b) claim and to stay proceedings pending arbitration of the Storeys' state law claims. The district court held that the arbitration clause in the customer agreement did not require arbitration of the Storeys' § 10(b) claim, because "the language [in the agreement] 'unequivocally reserved to the Storeys the right to litigate their federal securities claims in a judicial forum.' " Slip op. at 4, quoting Ballay v. Legg Mason Wood Walker, Inc., 878 F.2d 729, 734 (3d Cir.1989) (Ballay). The district court also dismissed the § 17(a) claim.
 
 APPELLATE JURISDICTION
 
 7
 We have jurisdiction to review the district court's order denying Shearson's motion for a stay of proceedings pending arbitration of the Storeys' § 10(b) claim under § 16(a)(1)(A) of the Federal Arbitration Act. 9 U.S.C.A. § 16(a)(1)(A) (West Supp.1991). We also have jurisdiction to review the district court's order denying Shearson's motion to compel arbitration of the Storeys' § 10(b) claim pursuant to § 16(a)(2) of the Federal Arbitration Act. 9 U.S.C.A. § 16(a)(2) (West Supp.1991). For a background discussion of the appeal provisions added to the Federal Arbitration Act by the Judicial Improvements and Access to Justice Act of 1988, see Gooding v. Shearson Lehman Bros., 878 F.2d 281, 283 (9th Cir.1989) (Gooding).
 
 STANDARD OF REVIEW
 
 8
 "This court reviews decisions regarding the validity and scope of arbitration clauses de novo." Id. (citing First Investors Corp. v. American Capital Fin. Servs., Inc., 823 F.2d 307, 309 (9th Cir.1987)).
 
 RESCINDED SEC RULE
 
 9
 The paramount question is whether the arbitration clause at issue requires the Storeys to also arbitrate their § 10(b) claim.
 
 
 10
 Shearson first argues that the language excluding from arbitration "an expressed or implied right of action under certain of the federal securities laws" was placed in the customer agreement to satisfy rescinded SEC Rule 15c2-2. Shearson also argues that the arbitration clause should not be enforced because rescinded SEC Rule 15c2-2 "was merely a procedural disclosure required by the SEC" and did not remove the Storeys' federal securities claims from the ambit of the arbitration clause. In support of its position, Shearson cites Bird v. Shearson Lehman/American Express, Inc., 871 F.2d 292, 295 (2d Cir.), vacated on other grounds, 493 U.S. 884, 110 S.Ct. 225, 107 L.Ed.2d 177 (1989), wherein the Second Circuit construed an arbitration clause identical to the clause at issue in the present case to require arbitration of a § 10(b) claim. See Clark v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 924 F.2d 550, 555-56 (4th Cir.), cert. denied, --- U.S. ---- 112 S.Ct. 74, 116 L.Ed.2d 48 (1991); Ottenritter v. Shearson Lehman Hutton, Inc., 727 F.Supp. 980, 984 (D.Md.1989).[2]
 
 
 11
 The Storeys argue that the clause is not ambiguous and expressly excludes federal securities claims. The Storeys cite in support of their position decisions by the Eleventh, Ninth and Third Circuits construing arbitration clauses identical to the clause at issue in the present case to exclude arbitration of the federal securities claims. See Storer v. Miller, 914 F.2d 215, 218-19 (11th Cir.1990); Gooding, 878 F.2d at 281; Van Ness Townhouses v. Mar Industries Corp., 862 F.2d 754, 757 (9th Cir.1988); cf. Ballay, 878 F.2d at 729 ("any dispute that arises under the federal securities laws").
 
 
 12
 In reviewing the conflicting authorities, this court is persuaded that the better position is that of the Third, Ninth and Eleventh Circuits. In Ballay, the Third Circuit utilized a contractual analysis to find that language similar to the language at issue here "unequivocally reserves to the plaintiffs the right to litigate their federal securities claims in a judicial forum." 878 F.2d at 734. As in Ballay, the plain language of the arbitration clause in the present case leaves no doubt as to the parties' intentions to exclude federal securities claims from arbitration.
 
 
 13
 Shearson, however, urges this court to look beyond the language in the arbitration clause and to construe the arbitration clause in a historical context. Shearson argues that the language was included in the customer agreement to comply with the then existing law, which had been predicated upon an outdated statutory construction, and therefore did not represent the parties' contractual intent. We disagree. The shifting regulatory context is no reason to invalidate express contractual language. "A customer reading the exclusionary language could not be expected to be aware of the regulatory background or understand that the language may become meaningless with the winds of change in the law." Id. "[E]ven if we were to look at the regulatory background we see no reason in it for rejecting customers' reasonable expectation." Id. If Shearson "truly did not intend to be bound by the contractual language that it drafted, [it] should have challenged Rule 15c2-2 or reexecuted the arbitration agreements in accordance with its intent after rescission of the Rule." Id. Shearson "cannot now win relief from the specific language in its own contract simply because it claims not to have meant what it said." Id. (footnote omitted); see also Stander v. Financial Clearing & Servs. Corp., 718 F.Supp. 1204, 1206 (S.D.N.Y.1989); Mignocchi v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 707 F.Supp. 140, 142 (S.D.N.Y.1989).
 
 
 14
 We hold that the arbitration clause unequivocally reserves to the Storeys the right to litigate their § 10(b) claim in a judicial forum.
 
 
 15
 "CERTAIN" OF THE FEDERAL SECURITIES LAWS
 
 
 16
 Shearson next argues that the arbitration clause in the customer agreement only excludes claims under "certain" federal securities laws and that the Storeys' § 10(b) claim was not one of those excluded from arbitration. Shearson cites Webster's New Universal Dictionary 297 (1979) as authority for defining the word "certain" to mean "particular but not specified." Shearson contends that under the ordinary dictionary definition of the language in issue, at least some federal securities law disputes may be arbitrated.
 
 
 17
 We agree with the Ninth Circuit that "any ambiguity as to the meaning of 'certain federal laws' should be construed against [the party that] drafted the agreement." Gooding, 878 F.2d at 284. As in Gooding, there is no evidence in the record in the present case that Shearson intended to qualify the arbitration clause by inserting the word "certain" merely to put the Storeys on notice. If Shearson meant in its arbitration agreement that only some federal securities claims could be arbitrated, it should have pointed this out to the Storeys or reexecuted the arbitration agreement.
 
 
 18
 In sum, we agree with the district court that the arbitration clause gave the Storeys a right to litigate their § 10(b) claim in a judicial forum. Accordingly, the order of the district court refusing to compel arbitration of the federal securities claims and denying Shearson's motion for a stay of proceedings pending arbitration is affirmed.
 
 
 
 [1]
 The Honorable Donald E. O'Brien, Chief Judge, United States District Judge for the Northern District of Iowa
 
 
 [2]
 Shearson also cites Stifel, Nicolaus & Co. v. Freeman, 924 F.2d 157 (8th Cir.1991) (holding customer agreement did require arbitration of federal securities claims). In that case the plaintiff signed two agreements, an options agreement and a customer's agreement, at the time he opened the brokerage accounts. The options agreement contained language similar to the arbitration clause in the present case and provided that "the parties will arbitrate all controversies except those 'for which a remedy may exist pursuant to an express or implied right of action under the federal securities laws.' " Id. at 158. In contrast, the customer agreement contained different language providing that "the parties will arbitrate all controversies except those for which 'waiver of the right to seek a judicial forum ... would be void under the federal securities laws.' " Id. The court, however, did not have to decide whether the options agreement excluded arbitration of federal securities laws claims because the customer agreement provided that, in the event of a conflict between the instruments, the customer agreement superseded any contemporaneously executed agreements (i.e. the options agreement). Id
 Shearson also cites Clark v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 924 F.2d 550 (4th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 74, 116 L.Ed.2d 48 (1991). That case involved slightly different language than the arbitration clause at issue in the present case. 924 F.2d at 553-54 (arbitration provisions in standard options agreement and managed options agreement). The Fourth Circuit reviewed the positions taken by the various circuits in construing rescinded SEC Rule 15c2-2 and followed its own precedents, holding that arbitration provisions added in response to the Rule were notice provisions only and did not create any substantive right to litigate federal securities claims. Id. at 555-56. In the present case, we need not decide whether the Rule created any substantive right to litigate because, as discussed in the text infra, the contract language at issue herein expressly provided that the arbitration clause did not apply to federal securities claims.