952 F.2d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony GRECO a/k/a Tony Greco, Plaintiff/Appellant,
v.
Troy CORPORATION, James Stubenberg, Evan Cruthers, Melvyn
Choy, Desmond Brooks, Thomas Pagliuso, Peacock
Partners, Kishi Trustees, Defendants/Appellees.
 No. 90-15899.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1991.*
Decided Dec. 17, 1991.
 
 1
 Before PREGERSON and O'SCANNLAIN, Circuit Judges, and BURNS,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Having studied the record and considered the briefs filed by the parties, we conclude the district court did not err when it affirmed the bankruptcy court's denial of Mr. Greco's motion for declaratory judgment and two motions for reconsideration, and Kishi Trustees' (Kishi) oral motion for sanctions against Mr. Greco for the filing of his motion for declaratory judgment.
 
 
 4
 The district court also did not err when it reversed the bankruptcy court's denial of Kishi's motion for sanctions against Mr. Greco and counsel for the frivolous filing of two motions for reconsideration and imposed sanctions of attorneys' fees and costs in favor of cross-appellant Kishi pursuant to Fed.Bankr.R. 9011 and 28 U.S.C. § 1927.
 
 
 5
 This court has the discretion and authority to award single or double costs and attorneys' fees against litigants and their counsel for bringing a frivolous appeal. See In Re Becraft, 885 F.2d 547, 548 (9th Cir.1989). See also Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988); Fed.R.App.P. 38;[1] 28 U.S.C. § 1912;[2] 28 U.S.C. § 1927.[3] An appeal is frivolous if the results are obvious or the arguments are wholly without merit. Wilcox, 848 F.2d at 1009. Sanctions may be imposed against litigants represented by counsel and/or directly against appellate counsel.[4] See First Investors Corp. v. American Capital Financial Svcs., Inc., 823 F.2d 307, 310 (9th Cir.1987). See also In Re Becraft, 885 F.2d at 550; In Re Akros Installations, Inc., 834 F.2d 1526, 1533 (9th Cir.1987); Hamblen v. County of Los Angeles, 803 F.2d 462, 465 (9th Cir.1986); Hatch v. Reliance Ins. Co., 758 F.2d 409, 416 (9th Cir.1985), cert. denied, 474 U.S. 1048 (1986); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 675 (9th Cir.1981) (in each case, sanctions imposed against appellate counsel under Rule 38 and/or § 1927). A finding of bad faith is not necessary to impose sanctions under Fed.R.App.P. 38. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam). A finding of bad faith is, however, required to impose sanctions under 28 U.S.C. § 1927. Wages v. Internal Revenue Service, 915 F.2d 1230, 1235 (9th Cir.1990). "[B]ad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." Hall v. Cole, 412 U.S. 1, 15 (1973).
 
 
 6
 In 1979, twelve years ago, Mr. Greco filed for protection in bankruptcy. In 1986, the bankruptcy court approved the conversion of Mr. Greco's bankruptcy from Chapter 11 to Chapter 7. The lease at issue before us was part of the package at the heart of the reorganization plan. The district court addressed the issue of the lease in 1987 when Mr. Greco appealed the conversion of his bankruptcy (ER 41); the bankruptcy court again addressed the issue of the lease in 1988 and 1989 when Mr. Greco filed a motion for declaratory judgment and two motions for reconsideration; the district court also addressed the issue of the lease when Mr. Greco appealed the bankruptcy court's ruling on his motion for declaratory judgment and two motions for reconsideration. Each time the courts have ruled against Mr. Greco; he now brings the issue of the lease before us. Mr. Greco and his lawyers have rehashed this issue more than one time too many. We find the results of Mr. Greco's appeal obvious and the arguments wholly without merit. We find, therefore, Mr. Greco's appeal is frivolous.
 
 
 7
 We also find this appeal was made in bad faith. The district court found that the two motions for reconsideration filed on behalf of Mr. Greco were pursued in bad faith and that sanctions against Mr. Greco and counsel were, therefore, appropriate. We find the appeal to this court is inescapably accompanied by the same bad faith.
 
 
 8
 We also consider this appeal part of Mr. Greco's continuing abuse of the federal judicial system. Mr. Greco has asserted essentially the same grievance several times in several different ways. Each time the courts below have clearly set out the worthlessness of Mr. Greco's claims; yet Mr. Greco persists in continuing to pursue frivolous and multiplicitous litigation in this case, squandering scarce federal judicial resources and the resources of those who must defend themselves in these meritless proceedings. Although Mr. Greco and his counsel have not previously been discouraged by the imposition of sanctions,[5] we intend to halt the further waste of judicial resources by awarding attorneys' fees and double costs of this appeal in favor of Kishi and against Mr. Greco and counsel. Mr. Greco and counsel are to be held jointly and severally liable for the amount of sanctions. We further admonish Mr. Greco and counsel that future frivolous filings are likely to subject each to further monetary sanctions as well as disciplinary actions against counsel as a member of the bar of this court.
 
 Conclusion
 
 9
 We affirm the bankruptcy court's denial of Mr. Greco's motion for declaratory judgment and motions for reconsideration.
 
 
 10
 We also affirm the district court's grant of sanctions against Mr. Greco and counsel for the frivolous filing of two motions for reconsideration and remand to the district court to fix the monetary amount of the sanctions.[6] We instruct the district court to enter a judgment for same in favor of Kishi and against Mr. Greco and counsel jointly and severally.
 
 
 11
 We also grant Kishi's request for double costs and attorneys' fees against Mr. Greco and counsel, jointly and severally, for this appeal pursuant to Fed.R.App.P. 38, 28 U.S.C. § 1912, and 28 U.S.C. § 1927. Kishi is directed to file with this court an itemized and verified bill of costs pursuant to Fed.R.App.P. 39(d).
 
 
 12
 AFFIRMED but REMANDED with instructions.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fed.R.App.P. 38 provides:
 If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.
 
 
 [2]
 28 U.S.C. § 1912 provides:
 Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs.
 
 
 [3]
 28 U.S.C. § 1927 provides:
 Any attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
 
 
 [4]
 In addition to the rules and cases set out herein, the Ninth Circuit Advisory Committee Notes dated December 12, 1990, note that under existing authority sanctions may be imposed "[a]gainst a party, its counsel, or both, under Fed.R.App.P. 38," "[a]gainst a party, its counsel, or both under 28 U.S.C. § 1912," and against counsel under 28 U.S.C. § 1927
 
 
 [5]
 Sanctions for attorneys' fees and costs were imposed in favor of Kishi and against Mr. Greco by this court for bringing a frivolous appeal. Greco v. Stubenberg, 859 F.2d 1401, 1404 (9th Cir.1988). Mr. Greco acknowledges he has not paid same
 
 
 [6]
 We also point out that the district court has the power to award monetary sanctions for Mr. Greco's appeal to the district court if it sees fit to do so