UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard W. JOHNSON; Ruth E. Johnson,
Defendants–Appellants.

No. 93–55971.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 3, 1994 *.

Memorandum Filed Aug. 9, 1994.

Decided Jan. 4, 1995.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4. We therefore deny appellant's request for oral argument.

Richard W. Johnson and Ruth E. Johnson, in pro per, defendants-appellants.

Michael E. Quinton, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, HUG, and RYMER, Circuit Judges.

### ORDER

The appellee's request for publication is granted. The memorandum disposition filed August 9, 1994 is redesignated as a per curiam opinion.

### OPINION

PER CURIAM:

Richard W. Johnson appeals pro se the district court's summary judgment for

the United States in the government's action seeking specific performance of a purchase option contained in a lease agreement between Johnson and the government.[1] Johnson contends the district court erred because the terms of the purchase option are ambiguous and the district court should have considered parol evidence regarding the ambiguity and related evidence of fraud. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ We review de novo the district court's summary judgment. *United States v. King Features Entertainment, Inc.*, 843 F.2d 394, 397 (9th Cir.1988). "Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." *Id.*

Johnson contends the terms of the purchase option are ambiguous and, therefore, the district court should have considered parol evidence to resolve the ambiguity. This contention lacks merit.

"In interpreting a contract, a court determines the existence of an ambiguity as a matter of law." *Bauhinia Corp. v. China Nat'l Mach. & Equip. Import & Export Corp.*, 819 F.2d 247, 249 (9th Cir.1987). The purchase option contained in the original 1967 lease agreement provided that the government could exercise the option at specified intervals and at specified prices.[2] Under the 1981 lease amendment, Johnson granted the government an option to purchase the property at any time during the remaining term of the lease. This option provided that "[t]he purchase price will be at the fair market value of the premises at the date of the exercise of the option, unencumbered by the Postal Service lease, as determined by Postal Service appraisal."

Johnson argues that an ambiguity exists because the interrelationship of the purchase options in the 1967 lease agreement and 1981 lease amendment is unclear. We disagree.

■ As Johnson recognizes, " '[a] written contract must be read as a whole and every part interpreted with reference to the whole.' " *Kennewick Irrigation Dist. v. United States*, 880 F.2d 1018, 1032 (9th Cir. 1989) (quoting *Shakey's Inc. v. Covalt*, 704 F.2d 426, 434 (9th Cir.1983)). The 1981 lease amendment provided in conjunction with the purchase option contained therein that "[t]his option is *in addition* to any other purchase options available under the lease of this property." Declaration of Michael E. Quinton, Exhibit 5 at 2 (emphasis added). In our view, the plain meaning of this language is that the purchase option in the 1981 lease amendment did not supersede the original purchase option in the 1967 lease, but, rather, was an *additional* option available to the government. Thus, the government was entitled to exercise either the original purchase option under the terms specified in the 1967 lease agreement or the second purchase option under the terms specified in the 1981 lease amendment. To read these provisions in any other manner would fail to give meaning to the explicit language that the 1981 purchase option was in addition to the government's 1967 purchase option. *See Kennewick Irrigation Dist.*, 880 F.2d at 1032. We therefore conclude that the district court did not err by determining that the purchase-option terms are clear and unambiguous. *See Bauhinia Corp.*, 819 F.2d at 249.

■ We reject Johnson's contention that the district court should have considered parol evidence to clarify the intent of the parties with regard to the 1981 purchase option. Extrinsic evidence of the parties' intent with regard to language in a contract is admissible only if the language is ambiguous. *Arizona*

---

1. Johnson's wife, Ruth Johnson, was a party to the district court proceedings but did not sign the notice of appeal. In this circuit, pro se appellants must personally sign the notice of appeal. *See Elias v. Connett*, 908 F.2d 521, 522 n. 1 (9th Cir.1990). Therefore, we lack jurisdiction over this appeal to the extent Ruth Johnson purports to be a party to it. *See id.*

2. The purchase-option clause provided that the government could exercise the option at the end of the initial basic term of the lease at a price of $220,000, at the end of the first five-year renewal option term at a price of $210,000, at the end of the second five-year renewal option term at a price of $200,000, and at the end of each of the four additional five-year renewal option terms at a price of $190,000.

Laborers, Teamsters & Cement Masons Local 395 Health & Welfare Trust Fund v. Conquer Cartage Co., 753 F.2d 1512, 1517 (9th Cir.1985). We have already concluded that the purchase-option provisions at issue are not ambiguous.

Johnson contends that the district court erred by not considering evidence that the government fraudulently induced him to enter into the 1967 lease agreement. This contention lacks merit.

■ Johnson asserts that an unidentified government contracting agent verbally assured him at the time the 1967 lease agreement was entered into that the purchase option was a mere formality and would never be exercised by the government. These oral statements directly contradict the clear, unambiguous, written provision in the 1967 lease agreement giving to the government the right to exercise a purchase option. Thus, the district court did not err by determining that Johnson's evidence was barred by the parol evidence rule. See United States v. Triple A Mach. Shop, Inc., 857 F.2d 579, 585 (9th Cir.1988) (stating that "[e]vidence of a collateral agreement may be admitted if (1) it does not contradict a clear and unambiguous provision of a written agreement, and (2) the parties did not intend the written agreement to be the complete and exclusive statement of their agreement").

Johnson also contends that the government should be estopped from exercising its purchase option. This contention lacks merit.

■ To prevail on his estoppel claim, Johnson must establish not only the traditional estoppel elements but also two additional elements. See Watkins v. United States Army, 875 F.2d 699, 707 (9th Cir.1989) (en banc), cert. denied, 498 U.S. 957, 111 S.Ct. 384, 112 L.Ed.2d 395 (1990). First, Johnson must establish affirmative misconduct by the government going beyond mere negligence. Id. Second, Johnson must show that "the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability." Id. (quotations omitted).

Here, Johnson claims the government engaged in affirmative misconduct based on alleged oral statements made by a government contracting agent at the time the 1967 lease was finalized and other oral statements made by various government employees at the time the government was exercising its purchase option. We need not decide, however, whether Johnson raised a genuine issue of material fact as to whether the government engaged in affirmative misconduct because Johnson failed to establish the second of the required elements.

■ We do not agree with Johnson that a "serious injustice" will occur merely because the current value of the property at issue may be higher than the price set forth in the 1967 purchase option. As the district court observed, Johnson is merely being required to perform under the conditions of the contract that he signed. Therefore, the district court did not err by determining that the government was not estopped from exercising its purchase option.[3]

**AFFIRMED.**

■

3. Johnson did not allege any constitutional claims below, therefore we decline to consider them for the first time on appeal. See Ravell v. United States, 22 F.3d 960, 962 (9th Cir.1994).