70 F.3d 118
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Bob FEWELL, Appellee,
v.
Jim HORNIBROOK; Shearson Lehman Brothers, Inc.; Norman
Kozak; Bradley Kozak; Defendants,
Bernard J. SIEGEL, Appellant.
 No. 95-1469.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 1, 1995
Filed Nov. 15, 1995.
 
 Before WOLLMAN, MAGILL, AND HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bernard J. Siegel appeals from the district court's[1] order denying his motion to compel arbitration. We affirm.
 
 
 2
 Bob Fewell filed a complaint alleging violations of securities laws against securities brokerage company Shearson Lehman Brothers (Shearson), his Shearson securities broker Jim Hornibrook, and Siegel, a friend and business associate of Hornibrook's. Fewell alleged that upon Hornibrook's recommendation, he purchased shares of stock in a corporation from Siegel, and neither Hornibrook nor Siegel disclosed to Fewell that the corporation had been dissolved prior to the purchase. Fewell sought damages.
 
 
 3
 Shearson, Hornibrook, and Siegel moved separately to stay the proceedings and for an order compelling arbitration. They argued Fewell's claims were governed by the arbitration clause contained in Fewell's customer agreement with Shearson, which provided for resolution by arbitration of any controversy with respect to transactions of any kind executed by, through, or with Shearson, its agents, or its employees. Fewell responded that he had no arbitration agreement with Siegel.
 
 
 4
 The district court granted Shearson's and Hornibrook's motions and denied Siegel's motion. On appeal, Siegel argues the arbitration clause entitles him to compel arbitration because the complaint alleged he was Hornibrook's principal, and Fewell's claims arise out of a transaction executed by Hornibrook.
 
 
 5
 We have jurisdiction to consider the appeal. See 9 U.S.C. Sec. 16(a); Storey v. Shearson Lehman Hutton, Inc., 949 F.2d 1039, 1040 (8th Cir.1991). We review de novo the district court's determination regarding the scope of an arbitration clause. Storey, 949 F.2d at 1040. Because the issue involves the arbitrability of a dispute evidencing interstate commerce, it is controlled by federal substantive law rather than state law. See Lee v. Chica, 983 F.2d 883, 885-86 (8th Cir.), cert. denied, 114 S.Ct. 287 (1993).
 
 
 6
 We conclude the district court properly determined Siegel may not compel arbitration. Although Siegel correctly asserts that federal law favors expanded arbitration coverage when there is a question regarding the scope of an arbitration agreement, see Case Int'l Co. v. T.L. James and Co., 907 F.2d 65, 67 (8th Cir.1990), arbitration is a matter of contract and parties cannot be compelled to submit to arbitration unless they have agreed to do so, Flink v. Carlson, 856 F.2d 44, 46 (8th Cir.1988). It is uncontroverted that Siegel was not a signatory of the customer agreement between Shearson and Fewell. We have previously held that nonsignatory agents of a firm are bound by, and may compel arbitration under, arbitration clauses in the firm's customer agreement. See Lee, 983 F.2d at 886-87; Nesslage v. York Secs., Inc., 823 F.2d 231, 233 (8th Cir.1987). Siegel, however, has not argued that he was a Shearson agent.
 
 
 7
 We decline to extend the right to compel arbitration to Siegel, because to do so would be contrary to the intent of Shearson and Fewell as evidenced by the customer agreement. The language of the arbitration clause reveals the intent to arbitrate claims by or against Shearson, its agents, or its employees concerning their handling of transactions involving Fewell. See Taylor v. Investors Assocs., Inc., 29 F.3d 211, 214 (5th Cir.1994) (per curiam) (reaching similar conclusion regarding intent of parties based on similar language in customer agreement). Fewell's claims against Siegel relate to Siegel's nondisclosure of the corporate dissolution, and do not involve Shearson within the meaning of the customer agreement.
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas