122 F.3d 1070
 RICO Bus.Disp.Guide 9360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank O. CHIMA, Plaintiff-Appellant,
v.
Phil GOVENITTI, dba: CALVAN LEASING COMPANY; Timothy S.
Sambrano, dba: LSI Financial Group; aka:
Allison Williams Receiving Financing
Corporation, Defendants-Appellees.
 No. 96-55090.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Filed August 27, 1997.
 
 Appeal from the United States District Court for the Central District of California, John G. Davies, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frank O. Chima appeals pro se the district court's summary judgment in favor of Phil Govenitti, President of Calvan Leasing Company ("Calvan"), and Timothy S. Sambrano, President of LSI Financial Group ("LSI"), in Chima's action alleging that defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1962, and 1964(c) by executing and attempting to collect payments under an automobile lease agreement.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Chima contends that the district court erred by granting summary judgment for defendants because Chima has established that defendants have engaged in a pattern of racketeering activity that is ongoing. This contention lacks merit.
 
 
 4
 We review de novo the district court's grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See id.
 
 
 5
 RICO prohibits any person from conducting an "enterprise" through a "pattern of racketeering activity." See 18 U.S.C. §§ 1962(b) & (c). Mail and wire fraud, see 18 U.S.C. §§ 1341, 1343, and extortion and extortionate credit transactions, see 18 U.S.C. §§ 891, 892, are racketeering activities within the meaning of RICO, see 18 U.S.C. § 1961(1). While a pattern of racketeering activity requires proof of two acts, see 18 U.S.C. § 1961(5), two isolated acts alone do not constitute a pattern, see Medallion Television Enters. v. SelecTV of California, 833 F.2d 1360, 1362 (9th Cir.1987). For the predicate acts to constitute a pattern of racketeering activity, the circumstances of the case "must suggest that the predicate acts are indicative of a threat of continuing activity." Id. at 1363.
 
 
 6
 Here, Chima contends that Govenitti and Calvan committed mail and wire fraud by misrepresenting the lease agreement as a purchase agreement. Because these claims are based upon one transaction involving one victim, Chima cannot establish that Govenitti and Calvan engaged in a "pattern of racketeering activity." See id. at 1363-64.
 
 
 7
 Chima also contends that Sambrano and LSI committed mail fraud, engaged in extortionate credit transactions, and sent threatening communications by billing Chima for late fees and service charges he incurred in conjunction with the lease and by attempting to repossess the vehicle. LSI's legitimate efforts to collect payment on Chima's past due balance do not constitute extortion. See 18 U.S.C. §§ 891, 892, 1961(1).
 
 
 8
 Chima's contention that he had a right to a jury trial lacks merit. The Seventh Amendment right to a jury trial does not preclude summary judgment where there is no genuine issue of material fact. See Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1077-78 n. 3 (9th Cir.1986). Because the district court entered summary judgment properly, Chima's right to a jury trial was not violated.[2]
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Chima's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendant Allison Williams Receiving Financing Corporation was never served in this action and, hence, has not appeared
 
 
 [2]
 Chima's argument that he should be permitted to supplement the lease agreement with additional consistent terms pursuant to the parol evidence rule is meritless because the additional terms Chima seeks to add are inconsistent with the lease agreement. See United States v. Johnson, 43 F.3d 1308, 1311 (9th Cir.1995). Moreover, Chima's allegation that appellees failed to respond to his discovery requests lacks merit because Chima never filed a motion to compel discovery. We have considered Chima's additional contentions and conclude that they are without merit