Thomas S. McPHEETERS,
III, Plaintiff–Appellee,

v.

McGINN, SMITH AND COMPANY, INC.;
Robert O. O'Farrell; and David Smith,
Defendants–Appellants.

No. 542, Docket No. 91–7719.

United States Court of Appeals,
Second Circuit.

Argued Nov. 27, 1991.

Decided Jan. 8, 1992.

Michael J. Smith, Carol Gerster Carter, Roemer & Featherstonhaugh, P.C., Albany, N.Y., for defendants-appellants.

Leslie F. Couch, Couch, White, Brenner, Howard & Feigenbaum, Albany, N.Y., for plaintiff-appellee.

Before TIMBERS, PIERCE and WALKER, Circuit Judges.

PER CURIAM.

McGinn, Smith and Co., Robert O. O'Farrell, and David Smith, defendant-appellants ("McGinn, Smith"), appeal from an order of the United States District Court for the Northern District of New York (Thomas J.

McAvoy, *Judge*), dated June 28, 1991, denying McGinn, Smith's motion to compel arbitration.

In August of 1987, plaintiff-appellee Thomas S. McPheeters ("McPheeters") became a customer of McGinn, Smith, a securities brokerage and investment banking firm. McGinn, Smith, which does not own a seat on any of the securities exchanges, utilizes the services of the Securities Settlement Corporation ("SSC"), a clearing broker, to execute the actual purchases and sales of securities on behalf of its clients. Upon opening the account with McGinn, Smith, McPheeters and SSC executed a Customer's and Margin Agreement and an Option Approval Form and Agreement, which contain virtually identical arbitration provisions.

On February 20, 1991, McPheeters filed a complaint against McGinn, Smith alleging violations of § 10(b) of the Securities Exchange Act of 1934, and Rule 10(b)–5 promulgated thereunder. SSC was not named in the complaint and the dispute in no way involved SSC. Defendants moved for an order dismissing the complaint for failure to state a claim, and compelling arbitration of those claims which survived the motion to dismiss. By order dated June 28, 1991, the district court dismissed those claims related to alleged violations occurring more than three years prior to the filing of the complaint, and denied defendants' motion to compel arbitration on the remaining claims. McGinn, Smith appeals only the denial of its motion to compel arbitration.

On appeal, McGinn, Smith claims that the district court erred in determining that McGinn, Smith was not party to the Customer's and Margin Agreement, and in ruling that, even if McGinn, Smith were party to the Agreement, the arbitration provision does not cover it. We fail to find error in the district court's conclusion that McPheeters' dispute with McGinn, Smith was not covered by the arbitration agreement and thus not arbitrable, and we therefore affirm.

■ We consider first McGinn, Smith's claim that it is party to the Agreement and entitled to enforce it. The Agreement falls within the ambit of the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"). *See Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 238, 107 S.Ct. 2332, 2343, 96 L.Ed.2d 185 (1987), *reh'g denied* 483 U.S. 1056, 108 S.Ct. 31, 97 L.Ed.2d 819 (1987) (FAA applicable to written agreements to arbitrate controversies arising under § 10(b) of the Exchange Act). Federal law, therefore, governs the current dispute as to the scope of the Agreement. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) (FAA creates a "body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act."); *Coenen v. R.W. Pressprich & Co.*, 453 F.2d 1209, 1211 (2nd Cir.1972), *cert. denied*, 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972) (dispute concerning sale of securities is covered by Federal Arbitration Act and "[o]nce a dispute is covered by the Act, federal law applies to all questions of interpretation, construction, validity, revocability, and enforceability."); *Church v. Gruntal & Co.*, 698 F.Supp. 465, 467 (S.D.N.Y.1988) ("In determining whether the parties entered into an arbitration agreement, and in determining the exact scope of that agreement, the court must apply the 'federal substantive law of arbitrability.'") (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3352, 87 L.Ed.2d 444 (1985)). Where the dispute concerns an issue of contract, the application of federal law "simply 'comprises generally accepted principles of contract law.'" *Church v. Gruntal & Co.*, 698 F.Supp. 465, 467 (S.D.N.Y.1988) (quoting *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 845 (2nd Cir.1987)).

■ McGinn, Smith is correct that, under general contract principles, we may deem non-signatories to fall within the scope of an arbitration agreement where that is the intent of the parties. *See McAllister Bros., Inc. v. A & S Transp. Co.*, 621 F.2d 519, 524 (2nd Cir.1980); *Creative Securities Corp. v. Bear Stearns & Co.*, 671 F.Supp. 961, 965 (S.D.N.Y.1987), *aff'd with-*

*out op.* 847 F.2d 834 (2nd Cir.1988); *S.A. Mineracao Da Trindade–Samitri v. Utah Int'l, Inc.*, 576 F.Supp. 566, 570 (S.D.N.Y. 1983), *amended* 579 F.Supp. 1049 (S.D.N.Y. 1984), *aff'd* 745 F.2d 190 (2nd Cir.1984). The Agreement, however, indicates no such intent. The introductory paragraph sets out the scope of the contract with the words: "I agree with you as follows." It expressly defines "you" to mean SSC, thereby leaving McGinn, Smith entirely out of the picture. Nor can we accept McGinn, Smith's argument that the Agreement's numerous references to it as the "Introducing Firm" evidences an intent to include them as a party. The Agreement refers to McGinn, Smith only where necessary to explain the relationship between SSC and McPheeters. Such references are not sufficient to demonstrate an intent to include McGinn, Smith as a party.

McGinn, Smith further argues that SSC, as its agent, has bound it to the Agreement. While the Agreement does specify that SSC acts as McGinn, Smith's agent, it limits the agency relationship to SSC's actions in carrying out the securities transactions for McGinn, Smith. For example, paragraph 1 states that "with respect to the account" SSC acts as McGinn, Smith's agent; similarly, paragraph 12, dealing with "Agency Capacity," states that "[i]n all transactions for my account" SSC will act as the agent of McGinn, Smith. It is nowhere stated that SSC acts as McGinn, Smith's agent in entering into the Agreement generally, and we refuse to read such a provision into the document.

Third, McGinn, Smith contends that it is entitled to enforce the agreement due to its status as third-party beneficiary. A third-party beneficiary exists, however, " 'only if the parties to that contract intended to confer a benefit on him when contracting; it is not enough that some benefit incidental to the performance of the contract may accrue to him.' " *Kyung Sup Ahn v. Rooney Pace, Inc.*, 624 F.Supp. 368, 371 (S.D.N.Y.1985) (quoting *Vazman, S.A. v. Fidelity International Bank*, 418 F.Supp. 1084, 1086 (S.D.N.Y.1976)). SSC and McPheeters, however, entered into the Agreement for their own mutual benefit, not for the purpose of conferring a benefit on McGinn, Smith. McGinn, Smith, therefore, meets the definition of an "incidental beneficiary," not a "third-party beneficiary," and is without rights under the Agreement. *See Church v. Gruntal & Co.*, 698 F.Supp. 465, 467 (S.D.N.Y.1988) (where agreement between customer and clearing broker does not express intent to benefit introducing firm, introducing firm will not be held to be third-party beneficiary).

Although our finding that McGinn, Smith is not party to the Agreement is sufficient to reject its claim, we briefly explain our accord with the district court's ruling that, even if McGinn, Smith were party to the Agreement, it is not included within the scope of the arbitration clause.

Paragraph 24 of the Customer's and Margin Agreement,[1] the arbitration provi-

---

**1.** Paragraph 24, entitled "Arbitration and Litigation of Disputes," reads, in relevant part:

I agree, and by introducing and accepting the account, the Introducing Firm and you agree, that except as inconsistent with the foregoing sentence any controversy which may arise between myself and yourself, whether or not it involves the Introducing Firm, concerning any transaction or the construction, performance or breach of this or any other agreement, between myself, yourselves and/or the Introducing Firm, whether entered into prior, on or subsequent to the date hereof, shall be submitted to and be settled by arbitration in New York City, New York before and in accordance with the rules then in effect of the New York Stock Exchange, Inc., or the National Association of Securities Dealers, Inc. or, in the case of an options transaction, the exchange upon which the relevant transaction was executed. I shall have the right of election as to which of the foregoing tribunals shall conduct the arbitration. For any controversy involving yourself (whether or not it involves the Introducing Firm), the election is to be made by registered mail or telegram, addressed to Securities Settlement Corporation's principal place of business (currently: One Whitehall Street, New York, N.Y. 10004; Attention: Compliance Department). For any controversy involving only the Introducing Firm, the election is to be made by registered mail or telegram addressed to the Introducing Firm at its principal place of business. If I do not make such election before the expiration of ten (10) calendar days after receipt of notification from you and/or the Introducing

sion, states at the outset that it applies to "any controversy which may arise between myself [McPheeters] and yourself [SSC]," indicating that it covers only disputes between these two parties. We read the later phrase—"between myself, yourselves and/or the Introducing Firm"—as modifying only the words "transaction" and "agreement" in the immediately preceding phrase, and not the word "controversy". This paragraph, then, states that the arbitration clause covers *disputes* between McPheeters and SSC, concerning *transactions or agreements* between SSC, McPheeters and/or McGinn, Smith. The current dispute fails to qualify since SSC is not a party to the dispute.

 McGinn, Smith further contends that the phrase: "For any controversy involving only the Introducing Firm [i.e. McGinn, Smith] the election is to be made ..." brings it within the scope of the provision. This phrase, however, appears to represent only a ministerial instruction that, for controversies between SSC and McPheeters which stem purely from the actions of McGinn, Smith, McPheeters is to send his election of forum directly to McGinn, Smith. While we can only speculate as to the reason for such an arrangement—the existence, for example, of a separate agreement between SSC and McGinn, Smith to defend together against lawsuits, or, more modestly, a desire on the part of McGinn, Smith to have notice so that it may, if necessary, intervene—we find this to be a reasonable construction and conclude that the phrase does not bring McGinn, Smith within the ambit of paragraph 24.

## CONCLUSION

Accordingly, we affirm the order of the district court.

Firm to make such election I hereby authorize you and/or the Introducing Firm to make such

election on my behalf.