104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Reba MONISOFF, Plaintiff-Appellee,
v.
AMERICAN EAGLE INVESTMENTS, INC, Allen R. Rosenberg,
Defendants-Appellants.
 No. 96-7798.
 United States Court of Appeals, Second Circuit.
 Dec. 9, 1996.
 
 Appeal from the United States District Court for the Southern District of New York.
 APPEARING FOR APPELLANT: DANIEL E. BACINE, ESQ. PHILADELPHIA, PENNSYLVANIA
 APPEARING FOR APPELLEE: RUSSELL K. STATMAN, ESQ. NEW YORK, NEW YORK
 S.D.N.Y.
 AFFIRMED.
 Before CARDAMONE and WALKER, Circuit Judges, and RESTANI,* JJ.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Rakoff, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Defendants-Appellants American Eagle Investments, Inc. ("AEI"), and Allen R. Rosenberg (together, "defendants") appeal from the order of the district court denying defendants' motion for a stay pending arbitration. This court has jurisdiction over the appeal pursuant to 9 U.S.C. § 16(a).
 
 
 3
 On March 27, 1996, plaintiff Reba Monisoff ("plaintiff") brought suit against the defendants in the Southern District of New York, alleging primarily that defendants negligently and/or fraudulently mismanaged the securities account plaintiff maintained with AEI. Contending that an arbitration agreement (the "agreement") between plaintiff and defendants entitled defendants to arbitrate plaintiff's claims, defendants moved to stay the litigation pending arbitration, pursuant to § 3 of the Federal Arbitration Act. 9 U.S.C. § 3. On June 10, 1996, the district court denied the defendants' motion to stay the action pending arbitration. Defendants filed this appeal.
 
 
 4
 This court reviews a district court's denial of a motion to stay an action pending arbitration de novo. See In re Salomon Inc. Shareholders, 68 F.3d 554, 557 (2d Cir.1995).
 
 
 5
 While there exists a strong federal policy favoring arbitration agreements and resolving "any doubts concerning the scope of arbitrable issues ... in favor of arbitration," Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983), a court first must conclude that the parties intended to arbitrate in the first instance before the scope of arbitration may be defined, see Spear Leeds & Kellog v. Central Life Ins. Co., 85 F.3d 21, 25 (2d Cir.1996) (scope of arbitration is a different inquiry than is threshold issue of existence of arbitration agreement). As the district court noted, although "federal arbitration policy may help to define the scope of what the parties are agreeing to when they agree to arbitrate a contractual dispute, it cannot create a contract between non-contracting parties." Monisoff v. American Eagle Inv., Inc., 927 F.Supp. 137, 138 (S.D.N.Y.1996).
 
 
 6
 We rely on principles of contract law to determine whether the parties entered into an arbitration agreement. See Gould v. Sidel, 1990 WL 209641, at * 1 (S.D.N.Y. Dec. 17, 1990); see also McPheeters v. McGinn, Smith and Co., Inc., 953 F.2d 771, 772-773 (2d Cir.1992) (per curiam). Thus, we first look to the contract's language, and will only examine extrinsic evidence as to the parties' intent if we find the contract to be ambiguous. See McPheeters, 953 F.2d at 772 ("Where the dispute concerns an issue of a contract, the application of federal law simply comprises generally accepted principles of contract law.") (citations and internal quotations omitted).
 
 
 7
 In the present case, we find that the language of the arbitration agreement unambiguously applies only to plaintiff and Ernst & Company, the clearing broker. First, the agreement was written on Ernst & Company letterhead. Second, AEI is not mentioned by name anywhere in the agreement, nor is there any other language in the Agreement from which to infer that the term "broker" should be interpreted to include AEI.
 
 
 8
 We also find no merit in defendants' argument that, as the introducing broker, AEI is effectively part of Ernst's "organization," and thus, is covered under the provision of the agreement that states that "[t]his agreement shall enure to the benefit of the Broker's present organization...." We agree with the district court's determination that "there is nothing in the plain meaning of these words to suggest that an independent brokerage firm like American Eagle Investments is somehow encompassed in the definition of Ernst & Company's 'present organization.' " Monisoff, 927 F.Supp. at 138.
 
 
 9
 Finally, we find meritless defendants' argument that the Federal Arbitration Act gives them a right to a jury trial on the issue of whether or not an arbitration agreement existed. The statute makes clear that the right to have a jury decide this question applies only to the party opposing arbitration. See 9 U.S.C. § 4 ("Where such an issue is raised, the party alleged to be in default [of the arbitration agreement] may ... demand a jury trial"); cf. Painewebber Inc. v. Hartmann, 921 F.2d 507, 510-11 (3d Cir.1990) ("An 'issue' requiring resolution by the district court arises under § 4 only when the party refusing to arbitrate contends that the dispute is not one that the parties agreed to arbitrate."). In the present case, defendants sought to compel, not avoid, arbitration, and thus the right to a jury trial never attached.
 
 
 10
 We have carefully considered defendants' other arguments, and find them to be without merit. Accordingly, for the reasons set forth above and in the district court's well-reasoned opinion, the order of the district court denying a stay pending arbitration is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani of the United States Court of International Trade, sitting by designation