ROTHENBERG, J.
Francisco F. Galvez Lopez appeals a non-final circuit court order granting Atlas One Financial Group’s (“Atlas One”) motion to compel arbitration and to stay the proceedings for thirty days. Because the documents pertaining to the account at issue do not contain an arbitration clause and the arbitration clause relied on by Atlas One is contained in documents pertaining to a separate account and does not apply to Atlas One, we reverse.
Galvez Lopez, an investor and the plaintiff below, filed a complaint in the Miami-Dade Circuit Court alleging that Atlas One, Galvez Lopez’s investment advisor, mismanaged an account Galvez Lopez opened with SG Private Banking in Switzerland (“the Swiss account”). The documents relating to this account do not contain an arbitration clause.
In addition to the Swiss account, Galvez Lopez opened an account with Pershing LLC in New York (the “New York account”), where Atlas One acted as the introducing broker and Pershing acted as *165 the clearing broker. For this account, Galvez Lopez executed a New Account Form and ProCash Plus Account Application. The New Account Form and the Application both contain an arbitration clause, as does the New Account Agreement that was subsequently executed. The “GENERAL PROVISIONS” section of this agreement specifies that “[t]he undersigned shall include any person executing this agreement.” The arbitration clause requires that all parties to the agreement submit to arbitration to resolve controversies and that New York law will govern.
Galvez Lopez contends that the trial court erred in compelling arbitration in his lawsuit against Atlas One because: only the Swiss account is the subject of this litigation; the Swiss account documents contain no arbitration provision; and the arbitration provision relating to the New York account is inapplicable. We agree. The Swiss account and the New York account are entirely separate accounts. The litigation is directed toward Atlas One’s management of the Swiss account, not the New York account. The arbitration clause contained in the New York account documents is not contained in the Swiss account documents. It is therefore clear that the arbitration clause contained in the New York account documents is inapplicable as to the Swiss account and the pending litigation. Therefore, the trial court erred in requiring Galvez Lopez to arbitrate his claims in this litigation.
Galvez Lopez also contends that even if the New York account was at issue in this litigation, the arbitration clause contained in the New York account documents only applies to his agreement with Pershing and not to Atlas One because Atlas One is not a party to that agreement. Although we agree with Galvez Lopez, we need not decide this issue based on our finding that the two accounts are separate accounts and the Swiss account documents do not contain an arbitration provision. However, we briefly address the law on that issue.
The law is clear that signing the New York account agreement as the introducing broker does not subject the introducing broker to the arbitration provision contained in the agreement. In Taylor v. Investors Associates, Inc., 29 F.3d 211 (5th Cir.1994), the United States Court of Appeals for the Fifth Circuit held that Investors Associates, Inc., as the securities introducing broker-dealer, did not qualify as a third-party beneficiary of the agreement between Taylor (an investor) and Prudential-Bache Securities, Inc. (“Prudential”). Similar to the agreement executed by Gal-vez Lopez (the investor) and Pershing (the clearing broker), the agreement between Taylor (investor) and Prudential (who was serving as the clearing broker) also contained an arbitration clause that did not mention the introducing broker by name or function. Thus, the Fifth Circuit concluded that the arbitration clause in the agreement did not apply to the introducing broker because: Prudential was not a party to the action; Taylor’s claims related solely to the alleged misrepresentations made by the introducing broker; and the agreement made no reference to the introducing broker by name or function or refer to introducing brokers in general.[1] See also Stone v. Doerge, 328 F.3d 343 (7th Cir.2003) (holding that the arbitration *166 agreement between the investor trusts and the clearing broker did not require arbitration of the trustee’s fraud claim against the introducing broker).
In summary, we conclude that the trial court erred in applying the arbitration clause contained in the New York account documents to the instant litigation because the Swiss account and the New York account are entirely separate accounts and the subject litigation only pertains to the Swiss account. However, even if the two accounts were related, we would conclude that the arbitration provision contained in the New York account documents would not apply to the subject litigation because Atlas One was not a party to the agreement between Galvez Lopez and Pershing regarding the New York account, and as the introducing broker, Atlas One does not qualify as a third-party beneficiary of the agreement between Galvez Lopez and Pershing. Accordingly, we reverse and remand for proceedings consistent with this opinion.
Reversed and remanded.

. Although Atlas One signed the agreement, its signature is contained in a boxed off portion of the agreement with the heading, “INTRODUCING FINANCIAL ORGANIZATION ONLY,” and specifying that the signator Atlas One was merely guaranteeing the signature of the account holder and that the account was suitable for margin trading.