*803
 
 SUAREZ, J.
 

 GlobeTec Construction, LLC, (“Globe-Tec”), a Florida limited liability corporation, appeals from an order denying its motion to compel arbitration based on an arbitration agreement to which its adversary in this litigation, Custom Screening and Crushing, Inc., and Custom Crushing and Material, Inc. (collectively “Custom”), is not a party. Under basic contractual principles, no agreement can bind a non-signatory, and for this reason we affirm the trial court’s denial. However, by the same token, where there is no contract between the parties there can be no suit for fraudulent inducement, and accordingly we remand this case with instructions to dismiss the underlying cause of action.
 

 The predicate in this cause of action is a mining contract between two foreign companies, GlobeTec Panama, S.A. (“Panama”), and Minas y Agregados (“Minas”). A conflict in operations arose, and the companies are currently in arbitration in Panama per the terms of the contract. However, in an unusual twist, those companies are not the parties before this Court. Rather, Appellant in this case is GlobeTec, which formed Panama, and Ap-pellee is Custom, whose CEO formed Mi-nas.
 
 [1]
 

 Custom, while openly acknowledging that it is not a signatory to the contract between Panama and Minas, brought suit against GlobeTec for fraud in the inducement of the same contract. In response, GlobeTec moved to enforce the contract’s arbitration clause. The trial court denied the motion, noting that Custom was not a party to the contract and therefore could not be compelled to arbitrate by its terms. GlobeTec now appeals.
 

 Despite GlobeTec’s creative attempts at persuasion, an arbitration agreement of the kind at issue here cannot be enforced against a non-party.
 
 E.g., Lopez v. Atlas One Fin. Group, LLC,
 
 27 So.3d 164, 166 (Fla. 3d DCA 2010). It is axiomatic that GlobeTec, a non-signatory to the agreement, cannot compel Custom to arbitration, for Custom, also non-signatory, did not agree to the arbitration agreement. However, by the same reasoning, Custom’s cause of action for fraud in the inducement must fail. In an action for fraud in the inducement, the plaintiff must show that the fraudulent act induced the formation of contract between the parties.
 
 See, e.g., Lou Bachrodt Chevrolet, Inc. v. Savage,
 
 570 So.2d 306 (Fla. 4th DCA 1990) (providing that elements of fraud in inducement include representation of material fact that is knowingly false and intentionally made to induce the other party to do an act from which he suffers damage);
 
 Phillips Chem. Co. v. Morgan,
 
 440 So.2d 1292, 1296 n. 7 (Fla. 3d DCA 1983) (quoting from fn.16 in
 
 Excel Handbag Co. v. Edison Brothers Stores, Inc.,
 
 630 F.2d 379 (5th Cir.1980) holding that to rescind a contract on the grounds that it was procured by fraud, the courts of Florida have required proof that ... the fraudulent act induced the formation of the contract.). It is similarly axiomatic that where there is no contract between the parties by the plaintiffs own admission, he cannot possibly demonstrate inducement.
 

 Affirmed and remanded with instructions for the trial court to dismiss the complaint.
 

 [1]
 

 . We do not reach the question of whether Panama and Minas are subsidiaries of Globe-Tec and Custom, respectively,